1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL UMINKSI,<br><br>                    Plaintiff,<br>     v.<br><br>CLARK COUNTY SHERIFF'S OFFICE,<br><br>                    Defendant. | CASE NO. 3:25-cv-05853-DGE<br><br>ORDER DISMISSING COMPLAINT |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. §1915(a). Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), has submitted a complaint against his former employer, Clark County Sheriff's Office ("CCSO").  (Dkt. No. 6.)  Plaintiff asserts causes of action for: (1) violation of Title VII of the Civil Rights Act of 1964 based on Plaintiff's national origin, (2) violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), (3) violation of the Washington Law Against Discrimination, (4) defamation, and (5) violation of the Washington Public Records Act.  (*Id.* at 2-3.)

ORDER DISMISSING COMPLAINT - 1

1  Plaintiff, a 54-year-old man from Belarus, alleges that between 2010 and 2016, he
2 experienced "ongoing discrimination based on his national origin, language, and age by several
3 CCSO employees." (*Id.* at 5.)  In 2024, Plaintiff was hired by Skamania County Sheriff's Office
4 ("SCSO") and assigned to training with "some of the very CCSO coworkers who had previously
5 discriminated against him," who now "were serving as contract instructors with authority over
6 him." (*Id.*)  Shortly before the training academy, Plaintiff alleges that CCSO "transmitted false
7 and defamatory information to Plaintiff's subsequent employer, SCSO.  CCSO alleged that
8 Plaintiff had improperly requested a 'police discount' at a private-window tinting shop." (*Id.* at
9 6.)  Plaintiff alleges that despite the allegation being unsubstantiated, Plaintiff was informed that
10 a " 'black mark' " would remain on his employment record permanently.  (*Id.*)  Plaintiff later
11 learned that this incident had become "one of the contributing factors to his termination." (*Id.*)
12 On October 28, 2024, Plaintiff filed a public records request with CCSO, seeking document
13 related to "the false complaint and subsequent investigations," and as of September 15, 2025,
14 alleges that CCSO has failed to fully comply with the request.

15  Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is
16 subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is
17 frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary
18 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v.*
19 *Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not
20 limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc ).  "The
21 standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be
22 granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)
23 standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012);
24

ORDER DISMISSING COMPLAINT - 2

*see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees on the basis of national origin, *inter alia*. 42 U.S.C. § 2000e-2(a). In order to make out a prima facie case of discrimination on the basis of national origin, Plaintiff must show "(1) he belonged to a protected class; (2) he was qualified for his job; (3) he was subjected to an adverse employment action; and (4) similarly situated employees not in his protected class received more favorable treatment." *Kang v. U. Lim America, Inc.*, 296 F.3d 810, 818 (9th Cir. 2002) (discussing national origin discrimination).[1]

The ADEA makes it unlawful "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination under the ADEA, Plaintiff must show that he was: "(1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to an inference of age discrimination.' " *Diaz v. Eagle Produce, Ltd.*, 521 F.3d 1201, 1207 (9th Cir. 2008) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000)).

---

[1] Plaintiff is not clear in his complaint whether he asserts a cause of action for retaliation under Title VII or Washington Law Against Discrimination. (See Dkt. No. 6 at 3-4.) Assuming Plaintiff asserts a retaliation claim under Title VII, this claim is also subject to dismissal because it fails to state a claim upon which relief may be granted. To state a prima facie case of retaliation under Title VII, Plaintiff must show that (1) he engaged in a protected activity, (2) he was subject to an adverse employment action, and (3) there exists a causal link between the protected activity and the employer's action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000). Plaintiff's complaint does not allege any facts to support a prima facie case for retaliation.

ORDER DISMISSING COMPLAINT - 3

Here, Plaintiff's complaint contains several deficiencies that merit dismissal at this stage. Plaintiff's complaint does not plead any facts that he was qualified for his job or that similarly situated non-Belarusians received more favorable treatment. In fact, there is no claim that Plaintiff maintained any employment relationship with CCSO at the time he alleged CCSO acted unlawfully. As to Plaintiff's ADEA cause of action, Plaintiff fails to plead facts that he performed his job with the CCSO satisfactorily but was replaced by substantially younger employees, or otherwise discharged under circumstances giving rise to an inference of age discrimination.

Accordingly, the Court DISMISSES Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) but provides Plaintiff with an opportunity to file an amended complaint to address the deficiencies noted in this opinion. Plaintiff shall file an amended complaint no later than **October 21, 2025**. Additionally, Plaintiff's motion for court-appointed counsel (Dkt. No. 7) is DENIED as moot at this time.

The Clerk shall calendar this event.

Dated this 1st day of October, 2025.

David G. Estudillo
United States District Judge