UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL UMINKSI,<br><br>                Plaintiff,<br><br>    v.<br><br>CLARK COUNTY SHERIFF'S OFFICE,<br><br>                Defendant. | CASE NO. 3:25-cv-05853-DGE<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT (DKT. NO. 10) |

This matter comes before the Court *sua sponte* pursuant to 28 U.S.C. § 1915(a).

**I****BACKGROUND**

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), submitted his complaint against his former employer, Clark County Sheriff's Office ("CCSO"). (Dkt. No. 6.) He asserted causes of action for: (1) violation of Title VII of the Civil Rights Act of 1964 based on his national origin, (2) violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), (3) violation of the Washington Law Against Discrimination ("WLAD"), (4) defamation, and (5) violation of the Washington Public Records Act. (*Id.* at 2–3.)

1    On October 1, 2025, the Court dismissed Plaintiff's complaint in its entirety. (Dkt. No. 8.) The Court found that Plaintiff failed to plead that he maintained any employment relationship with CCSO at the time he alleged CCSO acted unlawfully. (*Id.* at 4.) However, the Court granted Plaintiff leave to amend his complaint to address certain deficiencies. (*Id.*)

Plaintiff amended his complaint on October 16, 2025, alleging the following causes of action: (1) violation of Title VII and WLAD based on his national origin, (2) violation of the ADEA, (3) retaliation under Title VII, and (4) defamation/interference with employment. (Dkt. No. 10 at 8.) Many of his factual allegations remain the same. Though Plaintiff adds facts regarding his qualification for the job, Plaintiff also clarifies that CCSO "was not Plaintiff's direct employer in 2024-2025, but that its actions intentionally interfered with his employment" at Skamania County Sheriff's Office. (*Id.* at 4.)

## II    STANDARD OF REVIEW

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening

pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

### III    DISCUSSION

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees on the basis of national origin, inter alia. 42 U.S.C. § 2000e-2(a). The ADEA makes it unlawful "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). "The liability schemes under Title VII and the ADEA are essentially the same in aspects relevant to this issue; they both limit civil liability to the *employer*." *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (emphasis added). Similarly, Title VII retaliation claims "require the plaintiff to prove that the employer acted with conscious intent to discriminate." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805–06 (1973); *see also Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987). Here, Plaintiff explicitly states that CCSO was not his employer during the time of his adverse employment action, which occurred while he was employed with the Skamania County Sheriff's Office.[1] (Dkt. No. 10 at 4.) Plaintiff fails to state a claim upon which relief can be granted.

The Ninth Circuit has instructed that while district courts should generally grant leave to amend, even if no request is made, a district court does not have to do so if it determines the pleadings could not possibly be cured by the allegation of other facts. *See Lopez v. Smith*, 203

---

[1] Plaintiff also cannot assert a claim against CCSO during the time it was Plaintiff's employer. Plaintiff states he previously worked for CCSO between 2010 and 2016. (Dkt. No. 10 at 4.) A Title VII claim is barred by the statute of limitations if the plaintiff does not submit an administrative charge to the EEOC within 180 days of the act of alleged discrimination or retaliation, or, where the plaintiff initially submits a charge to a state agency, within 300 days of the act of alleged discrimination. *See* 42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). The statute of limitations for an ADEA claim is two or three years, depending upon whether a willful violation is alleged. *Oliver v. Spokane Cnty. Fire Dist. 9*, 963 F. Supp. 2d 1162, 1170 (E.D. Wash. 2013).

FD.3d 1122, 1130 (9th Cir. 2000) (en banc); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (holding that a district court does not err in denying leave to amend if amendment would be futile). As to Plaintiff's Title VII discrimination claim, ADEA claim, and Title VII retaliation claim, the Court concludes it would be futile, and therefore unnecessary, to provide Plaintiff another opportunity to amend his complaint because the dismissal of this claim is based on deficiencies that cannot be cured through the addition of new facts. CCSO was not Plaintiff's employer at the time of the alleged adverse employment action. The Court thus concludes Plaintiff cannot cure the "basic flaw[s]" in his pleading and dismisses Plaintiff's Title VII claims and ADEA claim without leave to amend. *See Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002).

## IV    CONCLUSION

Accordingly, Plaintiff's amended complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Title VII discrimination claim, ADEA claim, and Title VII retaliation clam are DISMISSED with prejudice. Because the Court dismisses all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a), (c)(3). The Court therefore DISMISSES Plaintiff's remaining state law claims without prejudice as to Plaintiff asserting them in state court.

Dated this 20th day of October, 2025.

David G. Estudillo
United States District Judge